## EISENBERG v. STUYVESANT INS. CO.

(Supreme Court, Appellate Term.  March 24, 1904.)

1. INSURANCE—APPRAISEMENT—AWARD—RESIGNATION OF APPRAISER.
   Where appraisers appointed to determine the amount of a fire loss in accordance with the policy fixed the same and signed an award, the resignation of one of such appraisers, not tendered until after the award was signed and delivered, was ineffectual to invalidate the same.

Appeal from City Court of New York, Trial Term.

Action by Harry Eisenberg against the Stuyvesant Insurance Company.  From a judgment of the New York City Court in favor of defendant, dismissing plaintiff's complaint, he appeals.  Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCH-ARD, JJ.·

Sigmund Wechsler, for appellant.

Cantor, Adams & McIntyre, for respondent.

BLANCHARD, J. This action was brought upon a policy of fire insurance issued by the defendant company to the plaintiff, insuring him against loss by fire to the extent of $1,200, and covering certain merchandise and furniture. The property covered by the insurance was damaged or destroyed by fire, and the plaintiff seeks to recover in this action the amount of the insurance. It appears from the undisputed evidence that after the fire the question as ·to the extent of the plaintiff's damage was submitted to appraisers and an umpire for determination in the manner provided by the policy of insurance, and as agreed to in a written document executed by the plaintiff and defendant. The award of the appraisers was made on the 24th day of February, 1902, and awarded·to the plaintiff the sum of $150. This award was signed by the appraiser selected by the defendant company and by the umpire, and thereby became binding and conclusive upon the plaintiff, by virtue of the terms of the policy, and of the agreement for the arbitration entered into by the parties.

The plaintiff contends that the award has no validity, because the appraiser appointed by him resigned. The evidence shows, however, that the resignation of this appraiser was not tendered until February 28, 1902, several days after the award was signed and delivered; and the resignation, therefore, was ineffectual.

The plaintiff further contends that the conduct of the defendant's appraiser was "contrary, aggressive, and not in good faith." There is no evidence to sustain this contention, nor did the plaintiff plead it, and therefore it cannot be considered here.

An examination of the whole record leads to the conclusion that no material error occurred at the trial, and that the complaint was properly dismissed for failure of the plaintiff to prove a cause of action.

The judgment and order appealed from should be affirmed, with costs. All concur.